Rec'd 1/23/14

IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 22 2013 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROBERT WILLIAMS,

          Plaintiff,

-against-

FJC SECURITY SERVICE, INC.,

          Defendant.
------------------------------------------------------------X

NOT FOR PUBLICATION
**MEMORANDUM AND ORDER**

13-CV-7397 (CBA) (LB)

AMON, Chief United States District Judge:

On December 23, 2013, plaintiff Robert Williams[1] filed this *pro se* action alleging employment discrimination pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act of 1967 ("ADEA"). The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). The Court directs plaintiff to file an amended complaint within 30 days as set forth below.

## Background

Plaintiff fails to include a statement of claim and relies on the following documents attached to the complaint: (a) "Dismissal and Notice of Rights" issued by the Equal Employment Opportunity Commission ("EEOC") dated September 27, 2013, (b) EEOC Intake Questionnaire, (c) Plaintiff's Letter to FJC Security Services dated September 3, 2013, (d) SEIU Local 32BJ Complaint Form dated September 13, 2013, and (e) 32BJ Letter dated October 29, 2013. See Compl., Unmarked Exhibits.

---

[1] Plaintiff has filed several actions against the City University of New York, Brooklyn College. See Williams v. CUNY, Brooklyn College, No. 13 CV 3618 (CBA)(LB) (filed June 21, 2013) (pending); Williams v. CUNY, Brooklyn College, No. 13 CV 2651 (CBA)(LB) (filed Apr. 25, 2013) (pending); Williams v. CUNY, Brooklyn College, No. 13 CV 1055 (CBA)(LB) (filed Feb. 25, 2013) (pending); Williams v.CUNY, Brooklyn College, No. 10 CV 2127 (CBA)(LB) (motion to dismiss granted on 12/30/2011); Williams v. CUNY, Brooklyn College, No. 10 CV 783 (CBA)(LB) (case dismissed on Apr. 29, 2010).

Plaintiff has utilized the Court's employment discrimination form and marks Title VII and the ADEA as the basis for jurisdiction and checks off race, gender and age as the bases for defendant's purported discrimination. Compl. at 1, 3. However, as set forth below, plaintiff provides no factual support for any of these claims.

## Standard of Review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." Id. While *pro se* complaints must contain sufficient factual allegations to meet the plausibility standard, see Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), the Court reviews such allegations by reading the complaint with "special solicitude" and interpreting the allegations to raise the "strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (*per curiam*); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Nonetheless, the Court is required to dismiss a complaint, filed *in forma pauperis*, if it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). If a liberal reading of the pleading "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

## Discussion

Plaintiff brings this action pursuant to Title VII and the ADEA. Title VII prohibits an employer from discriminating against any individual with respect to "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1). To establish a *prima facie* case of Title VII discrimination, a plaintiff must show that: (1) he is a member of a protected class, (2) was qualified for the position he held, and (3) suffered an adverse employment action, (4) under circumstances giving rise to an inference of discrimination. See Bucalo v. Shelter Island Union Free School Dist., 691 F.3d 119, 129 (2d Cir. 2012); Ruiz v. County of Rockland, 609 F.3d 486, 491 (2d Cir. 2010). The ADEA makes it unlawful for an employer to "discriminate against any [employee of at least 40 years of age] with respect to his compensation, terms, conditions, or privileges of employment because of such individual's age." 29 U.S.C. §§ 623(a), 631(a); McCarthy v. New York City Technical Coll., 202 F.3d 161, 165 (2d Cir. 2000). To establish a *prima facie* case of age discrimination, a plaintiff must show that (1) he was within the protected age group, (2) he was qualified for the position, (3) he experienced an adverse employment action, and (4) such action occurred under circumstances giving rise to an inference of discrimination. Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 107 (2d Cir. 2010).

Here, plaintiff fails to properly plead a claim under Title VII or the ADEA in that he fails to provide a statement of claim or otherwise show that he was discriminated against because of his race, gender or age. See Ruston v. Town Board of Skaneateles, 610 F.3d 55, 59 (2d Cir. 2010) ("Under Iqbal, factual allegations must be sufficient to support necessary legal conclusions" and must "plausibly suggest an entitlement to relief"); Arista Records LLC v. Doe 3, 604 F.3d 110, 120-21

3

(2d Cir. 2010) (although Twombly and Iqbal do not impose a heightened pleading standard in employment discrimination cases, a plaintiff must still plead enough facts to make his claim plausible).

## Conclusion

In light of plaintiff's *pro se* status, the Court directs plaintiff to file an amended employment discrimination complaint which shall include a statement of claim to support his Title VII and ADEA claims within 30 days from the entry of this order. Plaintiff must provide facts (also known as the statement of claim) sufficient to support a plausible claim that defendant discriminated against him in violation of Title VII and/or the ADEA. If plaintiff elects to file an amended complaint, it must be captioned "AMENDED COMPLAINT" and bear the docket number 13-CV-7397 (CBA). No summons shall issue and all further proceedings shall be stayed for 30 days or until plaintiff has complied with this Order.

If plaintiff fails to file an amended complaint within the time allowed, the action shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and judgment shall enter. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/ Chief Judge Carol B. Amon
_____
Carol Bagley Amon
Chief United States District Judge

Dated: Brooklyn, New York
January 2, 2014

4